UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| CHARLES HEADY, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | No. 7-18-cv-00104 |
| v. | § § | JURY TRIAL DEMANDED |
| SYNETRA, INC. and SYNETRA CAPITAL, INC., | § § § | |
| Defendant. | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Charles Heady (referred to as "Plaintiff" or "Heady") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendants Synetra, Inc. and Synetra Capital, Inc. (collectively referred to as "Defendants" or "Synetra"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Heady's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA

defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Synetra violated the FLSA by employing Heady and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4. Synetra violated the FLSA by failing to maintain accurate time and pay records for Heady and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Heady brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. §§ 1391(b)(1), (2) because Synetra resides in the Midland Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to Heady's claims occurred in the Midland Division of the Western District of Texas.

## III.  Parties

8. Plaintiff Charles Heady is an individual who resides in Midland County, Texas and who was employed by Synetra during the last three years.

9.     Defendant Synetra, Inc. is a domestic corporation that may be served with process by serving its registered agent:

> Paul Sorenson
> 8180 Lakeview Center
> Odessa, TX 79768

Alternatively, if the registered agent of Synetra, Inc. cannot with reasonable diligence be found at the company's registered office, Synetra, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10.    Defendant Synetra Capital, Inc. is a domestic corporation that may be served with process by serving its registered agent:

> Paul Sorenson
> 8180 Lakeview Center
> Odessa, TX 79768

Alternatively, if the registered agent of Synetra Capital, Inc. cannot with reasonable diligence be found at the company's registered office, Synetra Capital, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026

11.    Whenever it is alleged that Synetra committed any act or omission, it is meant that the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Synetra or was done in the routine and normal course and scope of employment of the company's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

12. Synetra is an information technology ("IT") solutions and support company; it does business in the territorial jurisdiction of this Court.

13. Synetra employed Heady as a cable technician from August 2017 until April 2018.

14. Heady's primary duties were nonexempt.

15. As a cable technician, Heady was primarily responsible for installing and running cables for customers of Synetra all over the Midland Metropolitan area.

16. Heady's primary duties did not include office or nonmanual work.

17. Heady's primary duties were not directly related to the management or general business operations of Synetra or its customers.

18. Heady's duties did not differ substantially from the duties of a traditionally nonexempt hourly worker.

19. Heady did not exercise a meaningful degree of independent discretion with respect to the exercise of his duties.

20. Heady did not have the discretion or authority to make any decisions with respect to matters of significance.

21. Instead, Heady was required to follow the policies, practices and procedures set by Synetra.

22. Heady did not have any independent authority to deviate from these policies, practices and procedures.

23. During Heady's employment with Synetra, he was engaged in commerce or the production of goods for commerce.

24. During Heady's employment with Synetra, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

25. During Heady's employment with Synetra, the company had an annual gross volume of sales made or business done of at least $500,000.

26. Synetra paid Heady on a salary basis.

27. During Heady's employment with Synetra, he regularly worked in excess of forty hour per week.

28. Synetra knew or reasonably should have known that Heady worked in excess of forty hours per week.

29. Synetra did not pay Heady overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed."  29 U.S.C. § 207(a)(1).

30. Instead, Synetra paid Heady a fixed sum of money regardless of the number of hours he worked.

31. In other words, Synetra paid Heady for the overtime that he worked at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

32. Synetra knew or reasonably should have known that Heady was not exempt from the overtime provisions of the FLSA.

33. Synetra failed to maintain accurate time and pay records for Heady as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

34. Synetra knew or showed a reckless disregard for whether its pay practices violated the FLSA.

35. Synetra is liable to Heady for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

36. All cable technicians employed by Synetra are similarly situated to Heady because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Synetra pursuant to 29 U.S.C. § 216(b).

## V.  Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

37. Heady adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

38. During Heady's employment with Synetra, he was a nonexempt employee.

39. As a nonexempt employee, Synetra was legally obligated to pay Heady "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

40. Synetra did not pay Heady overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

41. Instead, Synetra paid Heady a fixed sum of money regardless of the number of hours he worked.

42. In other words, Synetra paid Heady for the overtime that he worked at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

43. If Synetra classified Heady as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

44. Synetra knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA; in other words, Synetra willfully violated the overtime requirements of the FLSA.

## VI.  Count Two—
## Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

45. Heady adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

46. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

47. In addition to the pay violations of the FLSA described above, Synetra also failed to keep proper time and pay records as required by the FLSA.

## VII.  Count Three—
## Collective Action Allegations

48. Heady adopts by reference all of the facts set forth above.  *See*, FED. R. CIV. P. 10(c).

49. On information and belief, other employees have been victimized by Synetra's violations of the FLSA identified above.

50. These employees are similarly situated to Heady because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

51. Synetra's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

52. Since, on information and belief, Heady's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

53. All employees of Synetra, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The class is therefore properly defined as:

> All cable technicians employed by Synetra during the last three years.

54. Synetra is liable to Heady and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

55. Because Synetra knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Heady and the members of the putative class their unpaid overtime wages for at least the last three years.

56. Synetra is liable to Heady and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

57. Synetra is liable to Heady and the members of the putative classes for their reasonable attorneys' fees and costs.

58. Heady has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Jury Demand

59. Heady demands a trial by jury.

## IX. Prayer

60. Heady prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Heady and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Heady and the other tool specialists may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: *Melissa Moore*
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF CHARLES HEADY**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739